# EXHIBIT A

1371268

# SUMMONS
## *(CITACION JUDICIAL)*

SUM-100

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNITED RESOURCE SYSTEMS INC.;
AND DOES 1 TO10, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

ANGELINA MCELWAINE

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 12 2017

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California

CASE NUMBER
*(Número del Caso):* 17K00864

County of Los Angeles, Central District
111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Wade A. Miller, Esq. 235 East Broadway Ste. 424, Long Beach, CA 90802   T:562-437-6300

DATE:
*(Fecha)* JAN 12 2017          SHERRI R. CARTER          Clerk, by ___ ALVAREZ VARELA ___ , Deputy
                                                         *(Secretario)*                         *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* United Resource Systems Inc.

   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)   [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**FILED**

LOS ANGELES SUPERIOR COURT

MAR 0 7 2016

SHERRI R. CARTER, EXECUTIVE OFFICER/CLERK

*C. Casarez*

BY C. CASAREZ, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

17 K 0 0 8 6 4

| | |
|---|---|
| In re Limited Civil Jurisdiction Cases Calendared in Department 77 (Non – Collections Cases) | Case No.: |
| | 2nd AMENDED GENERAL ORDER |

**TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:**

Pursuant to the California Code of Civil Procedure, the California Rules of Court, and the Los Angeles County Superior Court Local Rules, the COURT HEREBY ISSUES THE FOLLOWING GENERAL ORDERS THAT SHALL APPLY TO ALL LIMITED CIVIL (NON-COLLECTION) CASES FILED AND/OR HEARD IN DEPARTMENT 77.

1.     PLAINTIFF(S) IS/ARE ORDERED TO SERVE A COPY OF THIS GENERAL ORDER ON THE DEFENDANT(S) WITH COPIES OF THE SUMMONS AND COMPLAINT AND TO FILE PROOF OF SERVICE, AS MANDATED IN THIS ORDER.

2.     The Court sets the following trial date in this case in Department 77 (7th floor, Room 736) at the Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

TRIAL: 0 7 / 1 2 / 2018  OSC: 0 1 / 1 3 / 2020

TRIAL:
- Date: _____ at 8:30 a.m.

## SERVICE OF SUMMONS AND COMPLAINT

3.     The trial date set forth above is conditioned on the defendant(s) being served with the summons and complaint within six (6) months of the filing of the complaint. The trial date may be continued to a later date if service is not accomplished within six months. The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six months of the filing of the original complaint.

4.     The summons and complaint shall be served upon the defendant(s) within three years after the complaint is filed in this action. (Code Civ. Proc., § 583.210, subd. (a).) Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date. (Code Civ. Proc., § 581, subd. (b)(4).) The dismissal as to the unserved parties, without prejudice, for this case shall be effective on the following date:

---

### UNSERVED PARTIES DISMISSAL DATE

_____

---

5.     No Case Management Review (CMR) and no Mandatory Settlement (MSC) or Final Status Conferences (FSC) will be conducted in this case.

## LAW AND MOTION

6.     All regularly noticed pretrial motions will be heard in Department 77 on Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m. A motion will be heard only if a party reserves a hearing date by going to the court's website at www.lacourt.org and reserving it

through the Court Reservation System (CRS). All motions should be filed in Room 102 of the Stanley Mosk Courthouse.

7. <u>Tentative Rulings</u> may be posted on the Court's internet site no later than the day prior to the hearing. To access tentative rulings, parties may go to **lacourt.org**, select "Civil" Division, and then click on "Tentative Rulings."

## EX PARTE APPLICATIONS

8. Ex parte applications must be noticed for 1:30 p.m. in Department 77. All ex parte application fees must be paid by 1:00 p.m. in Room 102 of the Stanley Mosk Courthouse.

## JURY FEES

9. The fees for a jury trial shall be due no later than 365 calendar days after the filing of the initial complaint, or as otherwise provided by Code of Civil Procedure section 631, subdivisions (b) and (c).

## STIPULATION TO CONTINUE TRIAL

10. A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date. If the stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be filed in Department 77. A proposed order shall be lodged along with the stipulation. The Stipulation and Order should be filed in Room 118 of the Stanley Mosk Courthouse with the required filing fees.

## TRIAL

11. Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters at least 20 calendar days before the trial date. On the day of trial the parties shall bring with them to Department 77 all of the following:

i. A printed Joint Statement of the Case;

Second Amended General Order – Page 3 of 4

ii.     Motions in Limine, which must be served and filed in accordance with the Local

Rules of the Los Angeles Superior Court (LASC) see local rule 3.57;

iii.    A printed Joint Witness List disclosing an offer of proof regarding each

testimony, the time expected for testimony, and the need of an interpreter.

iv.     Joint Exhibits in Exhibit Books, numbered appropriately, and Exhibit List;

v.      A printed Joint Proposed Jury Instructions, and

vi.     A printed Joint Proposed Verdict form(s).

**FAILURE TO PROVIDE ANY OF THE AFOREMENTIONED DOCUMENTS**

**ON THE TRIAL DATE MAY CAUSE A DELAY IN THE CASE BEING ASSIGNED TO**

**A TRIAL COURT.**

GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.

DATED: 3/7/16

Hon. Kevin C. Brazile
Supervising Judge of Civil

GEN-16-Limited Jurisdiction Portal-PJ

**FILED**
Superior Court of California
County of Los Angeles

**JUN 29 2016**

Sherri R. Carter, Executive Officer/Clerk

By _Rizalinda Mina_, Deputy
Rizalinda Mina

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| In re Limited Jurisdiction Civil Cases Calendared in the Los Angeles County Superior Court | ) ) ) ) ) ) ) ) ) |

GENERAL ORDER RE LIMITED JURISDICTION CIVIL PROCEDURES: NOTICE OF WEB PORTAL AVAILABILITY FOR INTERPRETER REQUESTS
(Effective July 11, 2016)

TO EACH PARTY:

In order to expedite the availability of interpreters at hearings on limited jurisdiction civil cases, IT IS HEREBY ORDERED that each limited jurisdiction civil plaintiff shall, along with the complaint and other required documents, serve all named defendants with the *Notice of the Availability of Web Portal for Interpreter Requests*; this notice informs the litigants that the Los Angeles County Superior Court provides interpreter services in limited jurisdiction civil cases at no cost to parties with limited English proficiency and that Spanish language interpreters are available in courtrooms where limited jurisdiction civil hearings are held. The notice will be provided to the plaintiff at the time the limited jurisdiction civil action is filed, if filed at the clerk's office, and will also be posted on the Los Angeles County Superior Court internet website (http://www.lacourt.org/). Plaintiff(s) must then indicate service of the *Notice of Availability of Web Portal for Interpreter Requests* on line 2(f) of the Proof of Service of Summons form (POS-010).

Effective immediately, this General Order is to remain in effect until otherwise ordered by the Presiding Judge.

DATED: June 29, 2016



CAROLYN B. KUHL
Presiding Judge

1

GENERAL ORDER – LIMITED JURISDICTION CIVIL PORTAL

**Notice of Availability of Limited Civil Jurisdiction Web Portal for Interpreter Requests**

The Los Angeles Superior Court provides interpreter services at no cost to parties with limited English proficiency in Limited Civil Jurisdiction hearings. Spanish interpreters are available at all courthouse locations. Therefore, it is not necessary to request a Spanish language interpreter in advance. If you require a Spanish interpreter, please let the courtroom staff know about your need on the day of your hearing. Limited English proficient individuals who speak a language other than Spanish may request an interpreter in advance of their court hearing via the Court's Web Portal for Interpreter Requests (http://www.lacourt.org/irud/UI/index.aspx). While the Court will make every effort to locate an interpreter for the date and time of your hearing, it cannot guarantee that one will be immediately available. If you have general questions about language access services, please contact us at LanguageAccess@LACOURT.org.

**Ծանուցագիր սահմանափակ իրավասության մասին քաղաքացիական գործերով Թարգմանչական ծառայություն ստանալու ինտերնետ ներկայացնելու եւ համար նախատեսված առցանց դարպասի առկա ուրության մասին**

Լոս Անջելեսի Երի Առաջին ատյանի դատարանն անվճար թարգմանչական ծառայություններ տրամադրում է սահմանափակ իրավասության եւ քաղաքացիական վարույթներեի ակն երեկեն սահմանափակ իմացություն ունեցող կողմերին։ Իսպաներեն թարգմանչներ առկա են բոլոր դատարաններրու ապահովված։ Ուստի, իսպաներեն թարգմանչի հայ տնակնորն ներկայացնել անհրաժեշտ էԼ։ Եթե իսպաներենի թարգմանչի կարիք ունեք, ապա ինտերնետ ներ այ դմասին Ջեր լաման օրը տեղեկացնել դատարանի դահլիճի անձնակագին։ Անգ երեկեն սահմանափակ իմացություն ունեցող անձինք, ովքեր խոսում են իսպաներենից բացի մեկ այլ լեզվով, կարող են թարգմանչի ինտերնետ ներկայ ացնել նախորդ կամաչն իրենց լաման օրը, Դատարանի Թարգմանչ ական ծառայութ յան ինտերնետաիրի համար նախատեսված առցանց դարպասի միջ ցով (http://www.lacourt.org/irud/UI/index.aspx)։ Թեև դատարանն՝ավեն ինչ կսանի թարգման օրն ու ժամին թարգմանչ ներ կայ ցրու ու ապահովել ու համար, սակայ ն դատարանը չի երաշխավորում, որ նման ներկ ու ություն անմիջ ապես հնարավոր լինի, աՓահովե՝ Լեգվական մատչ ելիու թյան ծառա ու` թյունների վերաբերյ հարցերով ինտերն եւ դմեր LanguageAccess@LACOURT.org:

关于有限民事管辖权传译员申请网络门户的可用性通知

在有限民事管辖权庭审中，洛杉矶高等法院为英语能力有限的各方人士提供免费传译服务。在所有法庭中，均有现成的西班牙语传译员。因此您不需要提前申请西班牙语传译员。如果您需要西班牙语传译员，请在您的庭审当日将您的需求告知法庭工作人员。在庭审前，英语能力有限的非西班牙语人士可通过法院的传译员申请网络门户(http://www.lacourt.org/irud/UI/index.aspx)提前申请传译员。法院会尽力按您的庭审日期和时间安排传译员，但法院无法保证能够即时提供传译员。如果您有关于语言服务的疑问，请联系 LanguageAccess@LACOURT.org。

통역사 신청을 위한 소액 청구 웹 포털 이용 통지

로스앤젤레스 상급법원은 소액 청구 심리에서 영어가 능숙하지 않은 당사자들에 대해 통역 서비스를 무료로 제공합니다. 스페인어 통역사는 소액 청구 심리가 열리는 모든 법정에서 손쉽게 제공할 수 있습니다. 스페인어 통역사가 필요한 경우에는 심리가 열리는 날에 법정 직원에게 알려 주십시오. 스페인어가 아닌 다른 언어를 사용하고 영어가 능숙하지 않은 개인들은 통역사 신청을 위한 법원 웹 포털을 통해서 재판일 전에 통역사를 신청할 수 있습니다(http://www.lacourt.org/irud/UI/index.aspx). 법원은 심리 날짜와 시간에 통역사를 찾기 위해 모든 노력을 기울일 것이나, 통역사를 즉시 제공한다는 것을 보장할 수 없습니다. 언어 접근 서비스에 대한 질문이 있으시면, 다음의 이메일 주소로 연락해 주십시오: LanguageAccess@LACOURT.org.

Aviso de disponibilidad del Portal web para jurisdicción limitada civil para solicitar intérpretes

La corte superior de Los Ángeles brinda servicios de intérprete sin cargo para audiencias de jurisdicción limitada civil a las partes que tienen conocimientos limitados de inglés. Se dispone de intérpretes de español en todos los Juzgados. Por lo tanto, no es necesario pedir un intérprete de español por adelantado. Si necesita un intérprete de español, infórmele al personal de la sala del juzgado el día de su audiencia. Los individuos con conocimientos limitados de inglés que hablan un idioma que no sea el español pueden solicitar un intérprete antes de la audiencia en la corte por medio del Portal web de la corte para solicitar intérpretes (http://www.lacourt.org/irud/UI/index.aspx). La corte hará el mayor esfuerzo posible para programar un intérprete para la fecha y hora de su audiencia; sin embargo, no le podemos garantizar de que haya uno disponible en forma inmediata. Si tiene preguntas generales sobre los servicios de acceso lingüístico, envíe un mensaje a LanguageAccess@LACOURT.org.

Thông Báo về Cổng Web Thẩm Quyền Hộ Sự Giới Hạn để Xin Cung Cấp Thông Dịch Viên

Tòa Thượng Thẩm Los Angeles cung cấp dịch vụ thông dịch viên miễn phí cho những bên kiện có khả năng Anh Ngữ giới hạn trong những phiên tòa có thẩm quyền Hộ Sự Giới Hạn. Có sẵn thông dịch viên tiếng Tây Ban Nha tại tất cả các tòa. Do đó, không cần phải xin cung cấp thông dịch viên tiếng Tây Ban Nha trước. Nếu quý vị cần thông dịch viên tiếng Tây Ban Nha, xin cho nhân viên phòng xử biết về nhu cầu của quý vị vào ngày quý vị ra tòa. Người có khả năng Anh Ngữ giới hạn và nói một ngôn ngữ không phải tiếng Tây Ban Nha có thể xin cung cấp thông dịch viên trước ngày có phiên tòa của họ qua Cổng Web của Tòa cho Các Yêu Cầu Cung Cấp Thông Dịch Viên (http://www.lacourt.org/irud/UI/index.aspx). Tuy tòa sẽ nỗ lực để tìm một thông dịch viên cho ngày giờ phiên tòa của quý vị, tòa không thể bảo đảm sẽ có ngay. Nếu quý vị có thắc mắc tổng quát về các dịch vụ ngôn ngữ, xin liên lạc với chúng tôi tại LanguageAccess@LACOURT.org.

August 5, 2016

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |
|---|---|
| Wade A. Miller SBN 208980<br>Wade Miller Law<br>235 East Broadway Ste. 424<br>Long Beach, CA 90802<br>TELEPHONE NO. 562-437-6300   FAX NO.<br>ATTORNEY FOR *(Name)* Plaintiff | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br><br>JAN 1 2 2017<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By Nancy Alvarez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: same
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Central District

CASE NAME:
McElwaine, Angelina v. United Resource Systems Inc.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☐ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☑ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: | 17 K 0 0 8 6 4 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22)<br>☐ Uninsured motorist (46) | ☐ Breach of contract/warranty (06)<br>☐ Rule 3.740 collections (09)<br>☐ Other collections (09)<br>☐ Insurance coverage (18)<br>☐ Other contract (37) | ☐ Antitrust/Trade regulation (03)<br>☐ Construction defect (10)<br>☐ Mass tort (40)<br>☐ Securities litigation (28)<br>☐ Environmental/Toxic tort (30)<br>☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort**<br>☐ Asbestos (04)<br>☐ Product liability (24)<br>☐ Medical malpractice (45)<br>☐ Other PI/PD/WD (23) | **Real Property**<br>☐ Eminent domain/Inverse<br>condemnation (14)<br>☐ Wrongful eviction (33)<br>☐ Other real property (26) | |
| **Non-PI/PD/WD (Other) Tort**<br>☑ Business tort/unfair business practice (07)<br>☐ Civil rights (08)<br>☐ Defamation (13)<br>☐ Fraud (16)<br>☐ Intellectual property (19)<br>☐ Professional negligence (25)<br>☐ Other non-PI/PD/WD tort (35) | **Unlawful Detainer**<br>☐ Commercial (31)<br>☐ Residential (32)<br>☐ Drugs (38)<br>**Judicial Review**<br>☐ Asset forfeiture (05)<br>☐ Petition re: arbitration award (11)<br>☐ Writ of mandate (02)<br>☐ Other judicial review (39) | **Enforcement of Judgment**<br>☐ Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint**<br>☐ RICO (27)<br>☐ Other complaint *(not specified above)* (42)<br>**Miscellaneous Civil Petition**<br>☐ Partnership and corporate governance (21)<br>☐ Other petition *(not specified above)* (43) |
| **Employment**<br>☐ Wrongful termination (36)<br>☐ Other employment (15) | | |

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☐ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive
4. Number of causes of action *(specify):* TWO
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 1/11/2017
Wade A. Miller
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std 3.10
www.courtinfo.ca.gov

| SHORT TITLE | CASE NUMBER |
|---|---|
| McElwaine, Angelina v. United Resource Systems Inc. | 17K00864 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

By Fax

|   | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| Auto Tort | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Medical Malpractice (45) | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g , slip and fall) | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e g., assault, vandalism, etc.) | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
Page 1 of 4

| SHORT TITLE | | CASE NUMBER |
|---|---|---|
| McElwaine, Angelina v. United Resource Systems Inc. | | |

|  | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☒ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 2 of 4

| SHORT TITLE | CASE NUMBER |
|---|---|
| McElwaine, Angelina v. United Resource Systems Inc | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| Judicial Review | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| Provisionally Complex Litigation | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement of Judgment | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| Miscellaneous Civil Complaints | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Miscellaneous Civil Petitions | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| McElwaine, Angelina v. United Resource Systems Inc. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

REASON:

1. 2. ✓3. 4. 5. 6. 7. 8. 9. 10. 11

ADDRESS:
14836 Dickens Street
Sherman Oaks, CA

| CITY | STATE | ZIP CODE |
|---|---|---|
| Los Angeles | CA | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the Central _____ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: 1/11/2017

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16)

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

1    Alicia McElwaine-Leto, SBN: 308804
2    Wade Miller, SBN: 208980
     aleto@wademillerlaw.com
3    WADE MILLER LAW
     235 East Broadway, Suite 424
4    Long Beach, CA 90802
     Telephone: (562) 437-6300
5
6    Attorneys for Plaintiff
     ANGELINA MCELWAINE
7

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 12 2017

Sherri R. Carter, Executive Officer/Clerk
By Nancy Alvarez, Deputy

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                   FOR THE COUNTY OF LOS ANGELES
10                        CENTRAL DISTRICT
11

12   ANGELINA MCELWAINE,                  Case No.:   17 K 0 0 8 6 4
13            PLAINTIFF,
                                          COMPLAINT FOR VIOLATIONS OF THE FAIR
14      VS.                               CREDIT REPORTING ACT; THE CONSUMER
                                          CREDIT REPORTING AGENCIES ACT
15
16   UNITED RESOURCE SYSTEMS INC.;        (LIMTED CIVIL)       By Fax
     AND DOES 1 TO10, INCLUSIVE,
17            DEFENDANTS.                  Over $10,000
18
19
20
21
22
23
24
25
26
27
28

                              - 1 -
                           COMPLAINT

Plaintiff, Angelina McElwaine ("Plaintiff"), files this civil action against Defendant United Resource Systems Inc.("Defendant") and Does 1 to 10, inclusive (collectively referenced as "Defendants"), for violations of violations of the Fair Credit Reporting Act ("FCRA"); and violations of the Consumer Credit Reporting Agencies Act ("CCRAA").

Defendants have engaged in unfair debt collection practices by using false, deceptive, and/or misleading tactics and techniques in attempt to collect a debt not owed. Plaintiff seeks actual damages, statutory damages, punitive damages, costs, attorneys' fees, injunctive, and declaratory relief.

Plaintiff alleges on information and belief as follows:

## II. PARTIES

1.    Plaintiff is a natural person over the age of 18 residing in Los Angeles County in the State of California who is a "consumer" as defined by 15 U.S.C. §1681a.

2.    At all relevant times herein, Defendant is a corporation doing substantial business in California.

3.    Defendant regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA and CCRAA.

4.    The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

5.    Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of

- 2 -
COMPLAINT

the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. JURISDICTION AND VENUE

6.     The California Superior Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the Superior Court original jurisdiction in all causes except those given by statute to other trial courts. Further, this Court has jurisdiction since the amount in controversy exceeds $10,000.

7.     This Court has personal jurisdiction over Defendants. Defendants do sufficient business with the State of California, purposely avail themselves of the benefits and protections of the State of California, and/or have sufficient contact with the State of California such that maintenance of this action in this locale would be consistent with traditional notions of fair play and substantial justice.

8.     Venue is proper in Los Angeles Superior Court because the conduct alleged herein which gives rise to the claims asserted occurred within Los Angeles County.

### IV. STATEMENT OF RELEVANT FACTS

9.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant reported derogatory information on Plaintiff's credit report.

10.     Defendants' alleged debt is from Dr. Frank Katz, M.D. (the "Original Creditor").

11.     This debt is a consumer debt for monies that is not owed.

12.     However, the debt is reported on Plaintiff's TransUnion credit report ("Report") indicating that the account at issue was opened on December 3, 2015, with an outstanding balance of $100.00. Thereafter, Plaintiff disputed this debt.

13.     Despite disputing this debt, in July 2016, Defendants "updated" this report noting the status of the debt being "unpaid" with a delinquent balance of $100.00.

14.     Defendants have committed numerous violations by unauthorized reporting of debts to CRAs, and by furnishing false information to credit companies.

15.   As a proximate result of Defendants' inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score has suffered.

16.   Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a.Decreased credit score which resulted in inability to obtain needed credit.

    b.Paying an increased amount charged by interest on current and newly acquired credit cards.

17.   Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff, to be proven at trial.

## V. FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
#### (Plaintiff against all Defendants)

18.   Plaintiff hereby incorporates the preceding paragraphs as if set forth in full.

19.   As a direct and proximate result of Defendant's violations of *15 U.S.C. §1681,* Plaintiff has suffered injury, and may recover from Defendant actual damanges, court costs, attorneys' fees, and punitive damages to be proven at trial.

20.   The violations of *15 U.S.C. §1681,* described herein present a continuing threat to Plaintiff and members of the general public in that Plaintiff is informed and believes and thereon alleges that Defendant continues to engage in these practices, and will not cease doing so unless and until forced to do so by this Court.

## VI. SECOND CAUSE OF ACTION
### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
#### (Plaintiff against all Defendants)

21.   Plaintiff incorporates by reference all of the proceeding paragraphs.

22.   California Civil Code §1785.25(a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

23.   California Civil Code §1785.25(b) states that a furnisher that determines a report to a credit reporting agency is not accurate or complete shall promptly notify the consumer reporting

1   agency of that determination and provide corrections to the consumer reporting agency that is

2   necessary to make information complete and accurate.

3       24.   California Civil Code §1785.25(c) provides that if the completeness or accuracy of any

4   information on a specific transaction or experience provided to a consumer reporting agency is

5   disputed by the consumer, the furnisher may not continue reporting the information unless it

6   provides a notice to the consumer reporting agency that the information is disputed by the consumer.

7       25.   Defendant negligently and willfully furnished information to the credit reporting

8   agencies it knew or should have known was inaccurate.

9       26.   Based on these violations of Civil Code §1785.25(a), Plaintiff and Defendant are

10  entitled to the remedies afforded by Civil Code §1785.31, including actual damages to be proven at

11  trial, attorney's fees, injunctive relief, and punitive damages in an amount not less than $100 nor

12  more than $5,000, for each violation as the Court deems proper.

13

14                          PRAYER FOR RELIEF

15

16      WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for

17  the following:

18      (A)    Actual damages in an amount to be proven at trial;

19      (B)    Statutory damages for willful and negligent violations;

20      (C)    Punitive damages according to proof at trial;

21      (D)    Declaratory relief ordering Defendants to cease all collection activities regarding

22  alleged debts, and a determination that the claims by Defendants are without any right whatsoever

23  and Defendants has no right or interest in the debt described above;

24      (E)    Reasonable attorneys' fees, costs, and expenses Plaintiff incurs in pursuing this

25  action;

26      (F)    Pre and post judgment interest; and

27      (G)    For any such further relief as the Court deems just and proper.

28

---

Sincerely,

WADE MILLER LAW

Wade A. Miller Attorney at Law



# NOTICE TO ATTORNEYS

Los Angeles Superior Court
**Public Information Office**
Website: www.lasuperiorcourt.org
E-mail: PublicInfo@LASuperiorCourt.org

## March 6, 2013

## ALTERNATE DISPUTE RESOLUTION (ADR) DEPARTMENT TO CLOSE

In response to state-imposed budget cuts, the Los Angeles Superior Court will cease providing ADR services as follows:

Effective March 11, 2013, ADR will stop accepting referrals to the Party Select and Random Select (Pro Bono) Panels and for arbitrations, mediations, neutral evaluations, and voluntary settlement conferences from civil, family, and probate courtrooms.

How to proceed:

- If the Court has referred you to ADR and you have not submitted an intake form, you will not be able to complete the process through the Court's ADR.
- If you submitted an intake form and received a Notice of Assignment of Neutral, but have not yet scheduled your ADR hearing date, immediately contact the neutral assigned to your case.  Any ADR process must be held on or before May 10, 2013.
- If you submitted an intake form, but have not yet received a Notice of Assignment of Neutral, immediately contact the ADR office to which you sent the intake form.
- If you received a Notice of Hearing, indicating the location of the hearing is at one of the courthouses listed below, the reservation will be honored through May 10, 2013.
- If you received a Notice of Hearing, indicating a hearing date beyond May 10, 2013, you will be contacted with further information.

Between April 1, 2013, and April 30, 2013:

- ADR will close its offices located in the following courthouses: Antelope Valley, Beverly Hills, Compton, El Monte, Inglewood, Long Beach, Norwalk, and San Pedro.
- ADR will stop providing mediators for any Civil Harassment, Small Claims, and Unlawful Detainer calendars.

Alternative Dispute Resolution Dept. to Close
Page 2 of 2

Between May 1, 2013, and May 31, 2013:

- On May 1, 2013, ADR will discontinue the Daily Family Law Settlement Conference Programs (including CPA and Spanish-speaking programs) at the Stanley Mosk Courthouse.

- ADR will close its offices located in the following courthouses: Chatsworth, Glendale, Pasadena, Pomona, Santa Monica, Torrance, and Van Nuys.

This information is available on the Los Angeles Superior Court website at www.lasuperiorcourt.org.

# ALTERNATIVE DISPUTE RESOLUTION
# IN CIVIL CASES



## REPORT OF THE
## TASK FORCE ON THE QUALITY OF JUSTICE
## SUBCOMMITTEE ON
## ALTERNATIVE DISPUTE RESOLUTION
## AND THE JUDICIAL SYSTEM

August 1999

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE
[CRC 3.221 Information about Alternative Dispute Resolution]
For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff shall serve a copy of this Information Package on each defendant along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation (NE), and settlement conferences, are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate**
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate**
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate**
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate**
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate**
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate**
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences:**
Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

# COURT ADR PROGRAMS

CIVIL:
- Arbitration (non-binding) (Code Civ. Proc. §§ 1141.10-1141.31, Cal. Rules of Court, rules 3.810-3.830, and Local Rules, rule 3.252 et seq.)
- Mediation (Code Civ. Proc. §§ 1775-1775.15, Cal. Rules of Court, rules 3.850-3.860, 3.865-3.872 and 3.890-3.898, Evid. Code §§ 1115-1128, and Local Rules, rule 3.252 et seq.)
  - o Civil Harassment Mediation
  - o Eminent Domain Mediation (Code Civ. Proc. §1250.420)
  - o Small Claims Mediation
- Neutral Evaluation (Local Rules, rule 3.252 et seq.)
- Settlement Conference
  - o Voluntary Settlement Conference (Local Rules, rule 3.252 et seq.)
  - o Retired Judge Settlement Conference

FAMILY (non-custody):
- Arbitration (non-binding) (Fam. Code § 2554 and Local Rules, rule 5.18)
- Mediation (Local Rules, rule 5.18)
- Settlement Conference
  - o Forensic Certified Public Accountant (CPA)
  - o Spanish Speaking Settlement Conference

PROBATE:
- Mediation
- Settlement Conference

## NEUTRAL SELECTION

Parties may select an arbitrator, mediator, or evaluator from the Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Panel, the ADR staff will assign on a random basis the name of one neutral who meets the case criteria entered on the court's website.

## COURT ADR PANELS

| | |
|---|---|
| Party Select Panel | The Party Select Panel consists of arbitrators, mediators, and evaluators who have achieved a specified level of experience in court-annexed cases. The parties (collectively) are charged $150.00 per hour for the first three hours of hearing time. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral. |
| Random Select Panel | The Random Select Panel consists of trained arbitrators, mediators, evaluators, and settlement officers who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that Random Select Panel neutrals provide three hours hearing time per case on a pro bono basis. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral. |

## ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX | EMAIL |
|---|---|---|---|---|---|---|
| Antonovich | 42011 4th St. West | 1st Fl. | Lancaster, CA 93534 | 661-974-7275 | 661-945-8173 | AntelopeADR@lasuperiorcourt.org |
| Chatsworth | 9425 Penfield Ave. | 3100 | Chatsworth, CA 91311 | 818-576-8565 | 818-576-8730 | ChatsworthADR@lasuperiorcourt.org |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | 310-603-3072 | 310-223-0337 | ComptonADR@lasuperiorcourt.org |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | 818-500-3160 | 818-548-5470 | GlendaleADR@lasuperiorcourt.org |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | 562-491-6272 | 562-437-3502 | LongBeachADR@lasuperiorcourt.org |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | 562-807-7243 | 562-462-9019 | NorwalkADR@lasuperiorcourt.org |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | 626-356-5685 | 626-666-1774 | PasadenaADR@lasuperiorcourt.org |
| Pomona | 400 Civic Center Plaza | 108 | Pomona, CA 91766 | 909-620-3183 | 909-629-6283 | PomonaADR@lasuperiorcourt.org |
| San Pedro | 505 S. Centre St. | 209 | San Pedro, CA 90731 | 310-519-6151 | 310-514-0314 | SanPedroADR@lasuperiorcourt.org |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | 310-260-1829 | 310-319-6130 | SantaMonicaADR@lasuperiorcourt.org |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | 213-974-5425 | 213-633-5115 | CentralADR@lasuperiorcourt.org |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | 310-222-1701 | 310-782-7326 | TorranceADR@lasuperiorcourt.org |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | 818-374-2337 | 818-902-2440 | VanNuysADR@lasuperiorcourt.org |

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

Cal. Rules of Court, rule 3.221
Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
### DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK                                    ALTERNATIVE DISPUTE RESOLUTION (ADR) DEPARTMENT

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act (DRPA) to provide information about the availability of local dispute resolution programs funded under DRPA. For more information regarding these programs, contact the Los Angeles County Department of Community and Senior Services Contracts Administration Office at 213-738-2621. The following is a list of the local dispute resolution programs funded in Los Angeles County.

Superior Court of California, County of Los Angeles, ADR Office 213-974-5425
www.lasuperiorcourt.org/ADR

**STAFF AND VOLUNTEERS OF THE FOLLOWING AGENCIES ARE NOT EMPLOYEES OF THE SUPERIOR COURT:**

Asian-Pacific American Dispute Resolution Center 213-250-8190 www.apadrc.org

California Academy of Mediation Professionals 818-377-7250 www.campmediation.org

California Lawyers for the Arts, Arbitration, and Mediation Service 310-998-5590
www.calawyersforthearts.org

Center for Civic Mediation 877-473-7658 213-896-6533 www.centerforcivicmediation.org

Center for Conflict Resolution 818-705-1090 www.ccr4peace.org

Centinela Youth Services, City of Hawthorne 310-970-7702 www.cys.la.org

Inland Valleys Justice Center 877-832-9325 www.ivjc.org

Korean American Coalition 4.29 Dispute Resolution Center 213-365-5999 www.kacla.org

Los Angeles County Department of Consumer Affairs, Dispute Settlement Services 213-974-0825
www.dca.lacounty.gov

Loyola Law School, The Center for Conflict Resolution 213-736-1145 www.lls.edu/ccr

Norwalk Dispute Resolution Program 562-929-5603 www.ci.norwalk.ca.us/socialservices2.asp

Office of the Los Angeles City Attorney, Dispute Resolution Program 213-485-8324
www.atty.lacity.org/mediate

**THE PROGRAMS LISTED ABOVE DO NOT OFFER LEGAL ADVICE OR HELP YOU RESPOND TO A SUMMONS; HOWEVER, THEY MAY ASSIST IN RESOLVING YOUR PROBLEM THROUGH MEDIATION.**

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

**Information About Alternative Dispute Resolution:**

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act ("DRPA"), to provide information about the availability of local dispute resolution programs funded under DRPA. In Los Angeles County, these services are made possible through major support from the Los Angeles County Department of Community and Senior Services through DRPA. The list of the local dispute resolution programs funded in Los Angeles County is set forth below.

Superior Court of California, Los Angeles County, ADR Office (213) 974-5425
www.lasuperiorcourt.org/ADR

Staff and volunteers of the following identified agencies are not employees of the Los Angeles Superior Court:

Asian-Pacific American Dispute Resolution Center (213) 250-8190 www.apadrc.org

California Academy of Mediation Professionals (818) 377-7250 www.mediationprofessionals.org

California Lawyers for the Arts, Arbitration and Mediation Service (310) 998-5590 www.calawyersforthearts.org/

Center for Conflict Resolution (818) 705-1090 www.ccr4peace.org

Inland Valleys Justice Center (909) 621-7479 www.ivjc.org

Korean American Coalition 4.29 Center (213) 365-5999 www.kacla.org

Los Angeles City Attorney's Office Dispute Resolution Program (213) 485-8324
www.lacity.org/mediate

Los Angeles County Bar Association Dispute Resolution Services
(877) 473-7659 (323) 930-1841 (888) 922-1322 (562) 570-1019 www.lacba.org/drs

Los Angeles County Department of Consumer Affairs (213) 974-0825

The Loyola Law School Center for Conflict Resolution (213) 736-1145 www.lls.edu/ccr

City of Norwalk Dispute Resolution Program (562) 929-5603
www.ci.norwalk.ca.us/socialservices2.asp

*These programs do not offer legal advice or help you respond to a summons, but they can assist in resolving your problem through mediation.*

**Dispute Resolution Programs Act
Contracts Administration Office: (213) 738-2621**

LAADR 007 (Rev. 04/10)
LASC Approved 07-04

**INFORMATION ABOUT
ALTERNATIVE DISPUTE RESOLUTION**

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | *Reserved for Clerk's File Stamp* |
|---|---|---|

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Click on the button to select the appropriate court address.

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO PARTICIPATE IN<br>ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation

☐ Arbitration (non-binding)

☐ Arbitration (binding)

☐ Neutral Evaluation

☐ Settlement Conference

☐ Other ADR Process *(describe):* _____

| Dated | Name of Stipulating Party<br>☐ Plaintiff    ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party<br>☐ Plaintiff    ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff    ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff    ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff    ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff    ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff    ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff    ☐ Cross-complainant<br>☐ Defendant   ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____.

LAADR 001 (Rev. 04-12)
LASC Approved 10-04
For Optional Use

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 1

| Short Title | Case Number |
|---|---|
| | |

| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Name of Stipulating Party<br>☐ Plaintiff  ☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

**STIPULATION TO PARTICIPATE IN<br>ALTERNATIVE DISPUTE RESOLUTION (ADR)**

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**

**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

❖**Los Angeles County Bar Association Litigation Section**❖

❖ **Los Angeles County Bar Association
Labor and Employment Law Section**❖

❖**Consumer Attorneys Association of Los Angeles**❖

❖**Southern California Defense Counsel**❖

❖**Association of Business Trial Lawyers**❖

❖**California Employment Lawyers Association**❖

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.: FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "Civil" and then under "General Information").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
          (INSERT DATE)                                         (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____)

Date:

_____          ➤ _____
(TYPE OR PRINT NAME)                                              (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:      FAX NO. (Optional): | | |

E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

---

LACIV 036 (new)
LASC Approved 04/11

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

    iii.   Be filed within two (2) court days of receipt of the Request; and

    iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

  c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

  d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

  e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR PLAINTIFF)

Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____   ➤   _____
(TYPE OR PRINT NAME)                    (ATTORNEY FOR DEFENDANT)

Date:

_____   ➤   (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____   ➤   (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date:

_____   ➤   (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

LACIV 094 (new)
LASC Approved 04/11

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Only |
|---|---|---|
| TELEPHONE NO.:  FAX NO. (Optional): E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

**The following parties stipulate:**

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR PLAINTIFF)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR DEFENDANT)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

Date:

_____          ➤  _____
(TYPE OR PRINT NAME)                                (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____

_____
JUDICIAL OFFICER